**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

REVELANT HOLDINGS, LLC,

    Debtor.

Case No. 20-16717 MER

Chapter 11

## ORDER

THIS MATTER comes before the Court on Synergetic Oil Tools, Inc.'s ("**Synergetic's**") request for the Court to defer a hearing on confirmation of Debtor Revelant Holdings, LLC's ("**Revelant's**") proposed plan of reorganization, and Revelant's objection thereto.[1]

## BACKGROUND

Revelant filed its voluntary petition under Chapter 11, Subchapter V, on October 12, 2020 ("**Petition Date**"). Prior to and since the Petition Date, Revelant has been involved in a number of ongoing disputes with Synergetic regarding Synergetic's asserted intellectual property rights. Efforts at mediation between Revelant and Synergetic have failed, and the Court recently enforced an arbitration agreement regarding the dispute and authorized Synergetic to take the matter to arbitration.[2]

Despite its disputes with Synergetic, Revelant has proposed a plan of reorganization.[3] As relevant herein, the Plan provides the claims of Synergetic and its owner Brian Herman will be impaired, with funding for the Plan being derived from recoveries from avoidance claims asserted against Synergetic, Brian Herman, and Enercat Technology Group, Ltd.[4] as well as from its continued operations which, according to Revelant, do not implicate Synergetic's intellectual property.[5]

---

[1] ECF No. 193 ("**Motion**"); ECF No. 206 (Revelant's objection thereto). *See also* ECF Nos. 256 and 258 (the parties' supplemental briefing).

[2] *See* ECF No. 290.

[3] ECF Nos. 254 ("**Plan**"). The Court notes the Plan at issue is actually the Second Amended Chapter 11 Plan.

[4] *See* Adversary Proceeding No. 21-1169 MER (the "**Adversary Proceeding**").

[5] *See* Plan at pp. 14-15, 22-24.

While the Plan has been met with objections from Synergetic[6] and the United States Trustee ("**UST**"),[7] Synergetic also requests the Court defer any confirmation hearing until the parties' intellectual property disputes are resolved.[8] Synergetic argues the Court cannot make certain determinations required for confirmation of the Plan, including a determination regarding the feasibility of the Plan, until the arbitration of Revelant's alleged violations of the LDA and NDA is concluded.[9] Revelant vehemently opposes this request, arguing the Plan can be confirmed despite the ongoing dispute and any objections to confirmation should be determined following a confirmation hearing.[10]

## ANALYSIS

Under 11 U.S.C. § 1191(b),[11] a Subchapter V plan can be confirmed over an impaired class's objection so long as it doesn't discriminate unfairly and is fair and equitable to the non-accepting class of claims, and otherwise meets the confirmation requirements of § 1129(a), other than (a)(8), (10), and (15). The requirements that are the primary focus of the Objections are § 1129(a)(3), which requires the plan to be "proposed in good faith and not by any means forbidden by law," and (a)(11), which requires the plan to be feasible and "not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." Failure to establish any of these requirements is fatal to confirmation.

With respect to the requirement of § 1129(a)(3), there is an ongoing dispute as to whether Revelant's continued sales of its "new technology" violates Synergetic's intellectual property rights. To be sure, to the extent Revelant's activities infringe on a patent or trademark belonging to Synergetic, Revelant would be in violation of the law and subject to a civil suit for such infringements.[12] Because the Court has concluded these specific matters, *i.e.* whether Revelant's "new technology" is actually an infringement on Synergetic's intellectual property, are subject to arbitration, it cannot

---

[6] *See* ECF No. 202 (Synergetic's objection to confirmation of Revelant's Chapter 11 Plan filed at ECF No. 103).

[7] *See* ECF No. 249 (UST's objection to confirmation of Revelant's Chapter 11 Plan filed at ECF No. 237) (together with Synergetic's objection, the "**Objections**"). The Court notes Revelant filed the instant Plan after Synergetic's request to defer the hearing on confirmation, and at the hearing held on October 26, 2021 the Objections, or at least a portion thereof, remained outstanding according to the UST and Synergetic.

[8] *See* Motion.

[9] *Id. See also* ECF No. 258.

[10] ECF No. 206. *See also* ECF Nos. 256.

[11] Unless otherwise specified, all references herein to "Section," "§" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

[12] *See* 15 U.S.C. § 1114; 35 U.S.C. § 281.

2

possibly make a determination as to whether the Plan is "proposed in good faith and not by any means forbidden by law" as required for confirmation.

While the foregoing is in and of itself sufficient to hold confirmation in abeyance, the same reasoning is applicable to the Court's inability to make a determination under § 1129(a)(11) as to the Plan's feasibility.  To the extent the Plan is funded by Revelant's ongoing business activity and sales, and such activity only serves to further expose it to civil liability, the Court cannot determine the Plan is feasible and "not likely to be followed by the liquidation, or the need for further financial reorganization."  Additionally, with respect to Revelant's proposed contribution of its recoveries from the Avoidance Actions, the Court recently held it would defer any determination with respect to Revelant's claims under §§ 542, 547, 549, and 550 until the arbitration is concluded, insofar as any value or benefit to the estate in recovering the property at issue is dependent on whether such property is subject to Synergetic's intellectual property rights.[13]  Accordingly, until such matters are resolved, the Court declines to hold a confirmation hearing with respect to the Plan.

## CONCLUSION

The Court is cognizant Subchapter V "was designed to streamline the reorganization and rehabilitation process for small business debtors,"[14] and the delays required in this case may seem antithetical to such purpose.  Nonetheless, without a definitive resolution of Synergetic's claims of violations of its intellectual property rights, which Revelant specifically agreed to arbitrate, the Court will not move forward with an evidentiary confirmation hearing at this time.  To do so without any prospect of confirmation when the Court cannot make the § 1129(a)(3) and (a)(11) determinations at this time would only serve to increase the parties' expenses.

For the foregoing reasons, Synergetic's Motion is GRANTED.  Confirmation of Revelant's Chapter 11 Plan will be held in abeyance pending the outcome of the arbitration.

SO ORDERED.

Dated February 10, 2022

BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court

---

[13] Adversary Proceeding at ECF No. 29.

[14] *In re Ikalowych*, 629 B.R. 261, 267 (Bankr. D. Colo. 2021).